IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB SANCHEZ ORTEGA | : | CIVIL ACTION |
| v. | : | |
| ANDY CRUZ, ET AL. | : | NO. 26-8822 |

**ORDER-MEMORANDUM**

**AND NOW**, this 23rd day of November, 2026, upon consideration of Petitioner Jacob Sanchez Ortega's Verified Petition for Writ of Habeas Corpus (Docket No. 1) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.
2. The Government shall immediately **RELEASE** Sanchez Ortega from custody.
3. The Government shall certify compliance with Paragraph 2 of this Order by filing, no later than 1:00 p.m. tomorrow, November 24, 2026, a certification of Sanchez Ortega's custody status.
4. If the Government chooses to pursue re-detention of Sanchez Ortega pursuant to § 1226(a), it must conduct and document a timely, individualized custody determination and provide him with an opportunity for a prompt bond hearing before a neutral immigration judge pending the resolution of his removal proceedings.

## I. BACKGROUND

Sanchez Ortega is a native and citizen of Honduras who entered the United States with his family in December 2015, when he was twelve years old. (Pet. ¶ 19.) The family entered the United States on a visa, later obtaining a religious worker "R" visa and applying for asylum because the Sanchez Ortega's father had been severely persecuted and almost killed in Honduras as a result of his work as a pastor. (Id.) The family lived briefly in Houston, Texas before settling

in Montgomery County Pennsylvania, where they still live. (Id.) Sanchez Ortega graduated from high school in Montgomery County, Pennsylvania and works with his father and brother renovating and selling houses. (Id. ¶ 20.) No members of the Sanchez Ortega family were put in removal proceedings after entering the United States and they were permitted to seek asylum through the United States Citizenship and Immigration Service ("USCIS"). (Id. ¶ 21.)

On November 16, 2026, Immigration and Customs Enforcement ("ICE") agents stopped Sanchez Ortega's father while he was driving to work. (Id. ¶ 22.) Sanchez Ortega's father called him and asked him to bring the family's asylum paperwork. (Id.) When Sanchez Ortega arrived in his car with the asylum paperwork, he was arrested by the ICE agents who told him that he was in the country illegally and that they had a warrant for his arrest. (Id. ¶ 23.) Sanchez Ortega was taken to an ICE field office where he was told that ICE agents were aware that he had been arrested for driving under the influence ("DUI") earlier in the year. (Id. ¶ 25.) Sanchez Ortega has been released on $1000 unsecured bail in connection with that DUI arrest and had recently been approved for the Accelerated Rehabilitative Disposition diversion program in lieu of prosecution. (Id.; Pet. Ex. 1.) On the evening of his arrest, Sanchez Ortega was taken to the Philadelphia Federal Detention Center, where he is still detained. (Id. ¶ 26.)

"Record of Deportable/Inadmissible Alien" Form I-213 states that Sanchez Ortega has been charged with being deportable pursuant to 8 U.S.C. § 1227(a)(1)(B) because he overstayed his nonimmigrant visa and that he is "subject to President Donald Trump's Executive Order titled, 'Protecting the American People Against Invasion.'" (Gov't Response Ex. 1 at 2, 4.) The Form I-213 also indicates that Sanchez Ortega was served with a warrant when he was arrested. (Id. at 3.) After he was arrested, Sanchez Ortega was served with a Notice of Custody Determination, dated November 16, 2026. (Gov't Response Ex. 4.) The Notice of Custody Determination does not

state a basis for his detention. (See id.) Sanchez Ortega was also served with a Notice to Appear, dated November 15, 2026, which states that he is removable because he was admitted to the United States as a nonimmigrant visitor "with authorization to remain in the United States for a temporary period not to exceed June 14, 2016" and that he has remained in the United States beyond that date without authorization. (Gov't Response Ex. 3 at 1.) The Notice to Appear orders Sanchez Ortega to appear before an Immigration Judge for a video hearing on November 27, 2026. (Id.)

## II. DISCUSSION

Sanchez Ortega challenges the lawfulness of his detention on statutory and constitutional grounds. Respondents oppose the Petition for the grounds set forth in their response to a similar Petition for Writ of Habeas Corpus filed in Emile v. Jamison, Civ. A. No. 26-8099 (E.D. Pa.). (See Gov't Response at 2.) The petitioner in Emile argued that the Government had violated his Fifth Amendment right to procedural due process by detaining him without an individualized explanation or determination of the need for his detention. Emile v. Jamison, Civ. A. No. 26-8099, 2026 WL 3308132, at *2 (E.D. Pa. Nov. 2, 2026). Sanchez Ortega makes a similar argument in this case that the Government violated his Fifth Amendment Due Process rights by detaining him without making an individualized custody determination. (Pet. ¶¶ 30-48.) The Government argued in Emile that we should dismiss the Petition for Writ of Habeas Corpus in that case because the petitioner had failed to exhaust his administrative remedies. Emile, 2026 WL 3308132, at *2. We concluded in Emile that exhaustion of administrative remedies was not required because the administrative remedies offered by the Government were inadequate to address the deprivation of liberty that the petitioner had already experienced. See id. at *3. The same is true in the instant case, where the Government has not conducted any individualized custody determination in conjunction with its decision to detain to Sanchez Ortega pending his removal hearing and any

available bond hearing offered now would not address the deprivation of liberty that Sanchez Ortega has already experienced. We therefore exercise our discretion to excuse him from any obligation to exhaust his administrative remedies.

In seeking release, Sanchez Orgeta asserts that the Government violated his Fifth Amendment Procedural Due Process rights by detaining him without a "'pre-detention individualized assessment'" of the necessity for his detention. (Pet. ¶ 44 (quoting Camara v. Jamison, Civ. A. No. 26-6552, 2026 WL 3034346 (E. D. Pa. Oct. 8, 2026)).) "[C]ourts in this District have concluded that the Government is required to make an 'individualized custody determination' when it arrests a noncitizen, taking into consideration whether the noncitizen poses a danger to the community and whether the noncitizen is a flight risk." Id. (citing Basboga v. Jamison, Civ. A. No. 26-6694, 2026 WL 3033623, at *5 (E.D. Pa. Oct. 8, 2026); Hernandez v. Jamison, Civ. A. No. 26-7607, 2026 WL 3034460, at *3 (E.D. Pa. Oct. 9, 2026); Dos Reis v. McShane, Civ. A. No. 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026)). There is no indication in the record before us that the Government has made any such individualized custody determination with regard to Sanchez Ortega.

To determine whether Sanchez Ortega's custody in the absence of any individualized custody determination violates his Fifth Amendment procedural due process rights, we consider the three factors set forth in Mathews v. Eldridge, 424 U.S. 319 (1976), which are "(1) the interest at stake for the individual noncitizen; (2) 'the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) 'the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" B.C. v. Att'y Gen. United States, 12 F.4th 306, 315 (3d Cir. 2021) (quoting Mathews, 426 U.S. at

335).

Sanchez Ortega's interest at stake is his interest in physical liberty. Indeed, "the most elemental of liberty interests [is] the interest in being free from physical detention by [the] government." Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004) (citations omitted). "[I]t is clear that commitment for *any* purpose constitutes a significant deprivation of liberty that requires due process protection." Id. at 530 (quoting Jones v. United States, 463 U.S. 354, 361 (1983)). We therefore conclude that Sanchez Ortega's liberty interest here is of paramount importance. We also find that, under the circumstances presented, where no individualized custody determination has been made, the risk of erroneous deprivation is high.[1] See Buele-Marocho v. Warden Philadelphia FDC, 189 F.4th 287, 307 (3d Cir. 2026) ("[T]he absence of an opportunity for a neutral decisionmaker to assess whether Petitioners are dangerous, or flight risks, presents a high risk of erroneously depriving Petitioners of their liberty interest." (citations omitted)). Moreover, the potential availability of a bond hearing before an immigration judge does nothing to guard against the unwarranted deprivation of Sanchez Ortega's liberty in the days preceding any hearing. We therefore conclude that the facts of this case demonstrate an unacceptable risk of erroneous deprivation.

We acknowledge that the Government has a legitimate interest in protecting the community from danger and ensuring that noncitizens appear at their future immigration proceedings. Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (recognizing the Government's interests in "ensuring the appearance of aliens at future immigration proceedings" and "[p]reventing danger to the community" (alteration in original) (record citation omitted)). The Government argued in Emile,

[1] As we mentioned above, the Notice of Custody Determination provided by the Government does not provide any reason for Sanchez Ortega's detention.

and adopted by reference here (Gov't Response at 2), that it must have discretion to detain any noncitizens "whom [it] believes should be detained." See Emile, 2026 WL 3308132, at 4. We rejected this assertion of unfettered discretion in Emile, because it "fails to appropriately account for noncitizens' liberty interests and the individualized custody determination to which they are entitled." Id. Thus, where, as here, the Government does not contend that a petitioner is a flight risk or a danger to the community, we cannot give weight to these otherwise legitimate concerns.[2] Having balanced the Mathews factors, we find that they weigh in favor of finding a procedural due process violation. We therefore conclude that Petitioner's procedural due process rights have been violated by his detention without the benefit of an individualized custody determination.

## III. CONCLUSION

Having found that Petitioner is being held in custody in violation of his Fifth Amendment procedural due process rights, the proper remedy is release. See Munaf v. Geren, 553 U.S. 674, 693 (2008). We therefore grant the instant habeas petition and order that Petitioner be released from custody.

BY THE COURT:

/s/ John R. Padova

________________________

John R. Padova, J.

---

[2] We note that the Government does refer to DUI as a serious crime (Gov't Response at 2), and we do not disagree. However, the Government does not contend in its Response to the Petition that Sanchez Ortega would present a danger to the community if he were released.